**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HYUNJIN KANG,

                         Petitioner,

          v.

MARKWAYNE MULLIN, *et al.*,

                      Respondents.

Case No. 5:26-cv-01827-DMK

**ORDER DENYING PETITION**

Petitioner Hyunjin Kang is a native and citizen of South Korea who became a Lawful Permanent Resident on or about August 22, 2011.  ECF 1 at ¶¶ 18-19. On or about November 28, 2016, Petitioner was convicted for the offense of Non-Sufficient Funds/Checks, $650+ in violation of section 205.130.1 of the Nevada Penal Code, and received a sentence of five years' probation.  *Id.* at ¶ 20.

On February 17, 2026, Petitioner was arrested upon arrival at the Los Angeles International Airport.  *Id.* at ¶ 21.  She was subsequently transferred to the Adelanto Detention Facility, where she remains.  *Id.*  Petitioner alleges she did not receive either written notice or a bond hearing prior to being detained.  *Id.* at ¶¶ 23-25.

## I.  Petitioner's claim

On April 14, 2026, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, alleging a single claim for violation of her right to procedural due process, based on Respondents' failure to provide her with either written notice explaining the basis for her detention, or a bond hearing to justify her detention.  *Id.* at ¶¶ 23-25, 40-48.  Petitioner seeks relief in the form of immediate release or, in the alternative, an individualized bond hearing.  Id. at 16-17 (Prayer).

On April 21, 2026, Respondents filed an Answer, in which they argued that Petitioner was not entitled to a bond hearing prior to being detained because her detention was authorized under 8 U.S.C. § 1225(b), which applies to "alien[s] who [are] applicant[s] for admission," and the statute does not contemplate any pre-detention hearing.  ECF 7 at 4.

Petitioner did not respond to this argument in her Traverse, choosing instead to rest on her allegations to contend that she had met her burden.  See ECF 9.

At the hearing on this matter on May 18, 2026, Petitioner's counsel again chose not to dispute Respondents' assertion that Petitioner was being detained under 8 U.S.C. § 1225(b).  Nor did he contest Respondents' characterization of Petitioner's prior conviction for Non-Sufficient Funds/Checks as a crime of moral turpitude.  Rather, counsel maintained that Petitioner is entitled to the relief requested, given her status as a lawful permanent resident for the past 14 years.

For the reasons set forth below, the Court disagrees.

## II.  Petitioner received written notice explaining the basis for her detention

Federal district courts possess the authority to grant petitions for writ of habeas corpus by persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(a), (c)(3).  In such cases, "[t]he petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief."  *Davis v.*

2

*Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

Here, Petitioner alleges she did not receive written notice of the basis for her detention.  ECF 1 at ¶ 23.  But Respondents have submitted evidence to the contrary.

On May 19, 2026, Respondents filed copies of: (1) Petitioner's Order of Removal; (2) Petitioner's Notice to Appear; and (3) Petitioner's Form I-213.  ECF 12.  In the Notice to Appear, the Department of Homeland Security alleged that: Petitioner was accorded lawful permanent resident status on August 22, 2011, she was convicted for non-sufficient funds/checks, $650+ on November 28, 2016, and she applied for admission to the United States as a returning lawful permanent resident on February 17, 2026, at the Los Angeles International Airport.  *Id.* at 9.  Notably, the Notice to Appear also includes what appears to be Petitioner's signature, confirming that she was served with a copy of the Notice on February 18, 2026.  *Id.* at 10.

Petitioner has not objected to the accuracy or authenticity of these documents, or otherwise proffered any argument that would render such evidence insufficient to show that Petitioner did, in fact, receive notice of the basis for her detention, despite her allegations to the contrary.  Accordingly, the Court denies Petitioner's claim for violation of procedural due process to the extent it is based on failure to provide written notice.

**III.** **Petitioner's detention is mandatory under Section 1225**

Petitioner's claim also fails to the extent that it is based on the failure to provide her with a bond hearing prior to being detained.

Under 8 U. S. C. §1225, an alien who "arrives in the United States" is treated as "an applicant for admission."  8 U.S.C. §1225(a)(1).  Applicants for admission, in turn, must "be inspected by immigration officers" to ensure that they

may be admitted into the country consistent with U. S. immigration law.  8 U.S.C. §1225(a)(3).

Pursuant to 8 U.S.C. § 1225(b)(2), if an immigration officer "determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country, then the alien "shall be detained for a [removal] proceeding."  As such, detention under section 1225(b)(2) is not discretionary, but mandatory.  *See Kingdomware Technologies, Inc. v. United States*, 579 U. S. 162, 171, 136 S. Ct. 1969, 1977, 195 L. Ed. 2d 334, 344 (2016) ("Unlike the word 'may,' which implies discretion, the word 'shall' usually connotes a requirement.").

Here, Petitioner does not dispute that she was an alien seeking admission when she re-entered the United States through the Los Angeles International Airport on February 17, 2026.  Nor does she dispute that she was detained pursuant to 8 U.S.C. § 1225(b)(2), which, on its face, requires detention upon an immigration officer's determination that an alien is not "clearly and beyond a doubt entitled to be admitted."  Indeed, Petitioner's Traverse is entirely silent on this issue, *see* ECF 9, and Petitioner's counsel did not dispute this characterization or offer any counterargument at the hearing held by the Court on May 18, 2026.

Accordingly, because Petitioner was subject to detention under 8 U.S.C. § 1225(b)(2), and no bond hearing is provided for a noncitizen detained under this section, the Court also denies Petitioner's claim for violation of procedural due process to the extent it is based on failure to provide a pre-detention hearing.

///

## IV. Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that she is entitled to habeas relief pursuant to 8 U.S.C. § 2241, and therefore DENIES the petition without prejudice.

**IT IS SO ORDERED.**

DATED:  June 8, 2026

_____
DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE